[Civ. No. 3234.  First Appellate District, Division One.—April 19, 1920.]

## IVA N. RICKER WILMOT, as Executrix, etc., Appellant, v. ELMER I. MOODY et al., Respondents.

[1] ATTORNEY AT LAW—DISTRIBUTION OF NOTE TO LEGATEE—RUNNING OF STATUTE OF LIMITATIONS—NEGLIGENCE—LIABILITY.—Where the legatees under a will, without waiting for formal distribution by order of the probate court, upon their legacies becoming due and payable, enter into an agreement among themselves for the division and distribution of the property which consists, among other things, of a promissory note, and the property is accordingly divided and distributed, the attorneys for the executrix have no further concern therewith, and if, thereafter, the person who receives the promissory note allows the statute of limitations to bar an action thereon, that fact cannot give rise to a claim for damages against the attorneys.

[2] FRAUDULENT REPRESENTATIONS—ACTION FOR DAMAGES—CONFLICTING EVIDENCE—FINDING—APPEAL.—In an action for damages for the alleged fraudulent representations of an attorney to the effect that a loan made to him would be secured by a mortgage, and

---

1.  Liability of attorney for negligence or breach of duty, notes, 34 Am. Dec. 89; 33 Am. Rep. 760; Ann. Cas. 1917B, 3, 55.

that such mortgage had been executed as promised and was in the bank, the defendant having testified that the loan was made to him upon his personal note upon the understanding that no security was to be given, and that testimony having found support in the physical circumstances of the transaction, a finding of the trial court in accordance with such testimony cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Merriam, Merriam & Rinehart and Merriam, Rinehart & Merriam for Appellant.

Ticknor & Carter, Edwin F. Hahn, Simpson & Simpson and Elmer I. Moody, *in pro. per.*, for Respondents.

RICHARDS, J.—The plaintiff, as the executrix of the estate of Samuel M. Ricker, deceased, brought this action against the defendants as the members of a copartnership engaged in the practice of law, and who had been employed by her as such to advise and assist her in the probate of the will of the deceased and the administration of his estate, to recover the sum of two thousand dollars.

The complaint contained two counts, the first of which was based upon allegations of negligence in that the defendants allowed the statute of limitations to run against a promissory note for one thousand dollars, executed by one Sylvester M. Rice, and being part of the assets of the estate, so that the amount of the note was lost. The burden of the second count was that the defendants had persuaded and induced the plaintiff, as such executrix, to loan to Elmer I. Moody, one of their number, the sum of one thousand dollars upon his promissory note, representing that the note would be secured by a mortgage on real property of greater value than the amount of the loan; that after the making of said loan and the acceptance by the plaintiff of said note of one thousand dollars executed by Moody, the defendants represented to her that a mortgage securing the same had in fact been executed and was "in the bank," together with a certificate of title relating thereto, whereas in truth no such mortgage had been or ever was executed, and that as the

result of this transaction the estate was damaged in the amount of said loan. Following these averments of the second count and based thereon is an allegation that by reason of the fraudulent representations, facts, and circumstances therein set forth, the defendants fraudulently disposed of the money, goods, chattels, and effects of the estate.

Judgment was prayed against the defendants for the sum of two thousand dollars.

The answer of the defendants denied the material allegations of the complaint, and also pleaded certain special defenses to be hereafter referred to, and in support thereof introduced evidence at the trial that as to the cause of action contained in said first count the plaintiff and her brother and sister, being legatees of the entire estate and entitled to have distributed to them the whole thereof, had by agreement among themselves, and more than one year after the death of the decendent, their legacies being then due and payable, divided among them the personal property of the estate, and had executed and delivered to one another quitclaim deeds to the real property thereof without waiting for formal distribution by order of the probate court, and that the plaintiff under such division had received the Rice note as part of her share of said estate. That at said time the defendants, who had theretofore had possession of the securities belonging to the estate, delivered all of them to the plaintiff and her colegatees, and which delivery occurred about six months before the Rice note became barred by the statute of limitations. That the defendants, through Elmer I. Moody (who, of the members of the partnership, attended exclusively to the affairs of the estate), shortly before the date when said note became outlawed advised and warned the plaintiff to take steps before said date should arrive to have the same collected or renewed, but which advice and warning were not heeded.

As a further defense to this cause of action it was alleged that the plaintiff, suing as executrix of the estate, was not the real party in interest, and that the cause of action, if any, was barred by section 337 to 340, inclusive, of the Code of Civil Procedure limiting the time for the commencement of actions.

As to the second count, the answer of the defendants denied that they persuaded or induced the plaintiff to make said loan to Moody, or that they made any representations that the loan, if made, would be secured by mortgage, or after it was made, that a mortgage securing it had been executed and deposited in a bank; and alleged that the loan was made to Moody individually upon the understanding that it was not to be secured by a mortgage or otherwise.

As to this note also the defendants introduced evidence at the trial that it formed part of the assets of the estate divided among the legatees in the same manner already detailed, and was the property of the legatee to whom in such division it had been assigned.

As to this count of the complaint also the answer of the defendants set forth that the plaintiff, as executrix of said estate, was not the real party in interest, and that the cause of action, if any, was barred by the same sections of the Code of Civil Procedure as pleaded to the first cause of action.

The court made findings in favor of the defendants on both counts of the complaint, setting forth in great detail the facts that it determined had been established by the evidence; and also found in favor of the defendants upon their pleas of the statute of limitations and that the plaintiff was not the real party in interest. Judgment in favor of the defendants followed accordingly.

The main attack upon the judgment is that the findings are not supported by the evidence, and it is also urged that certain findings are inconsistent with each other, and that the decision is against law.

[1] It may be stated at once that while the evidence in the case upon the facts which determined the question of the right of the plaintiff to relief against the defendants was squarely conflicting, there is ample evidence which, if accepted as true by the court, supports its judgment both on the merits and on the bar of the statute. It shows generally that the defendants were employed by the plaintiff to render services as attorneys at law in the probate of the will and administration of the estate of her testator, the defendant Moody, however, attending to this work exclusive of his codefendants. The papers concerning the estate were delivered to him, including the notes and mortgages,

and during the time he held them and until the division of the estate among the legatees he attended to renewals of notes or their collection and such matters, and prepared the necessary documents in connection therewith. At the time of such division, however, the securities of the estate, including the Rice note and mortgage, were delivered to the plaintiff or to her colegatees, and they thereafter exercised control over their respective portions thereof.

In such a situation it cannot, of course, be contended that the defendants, as attorneys for the executrix, had any further concern with them, and if by oversight or neglect the plaintiff—to whose share in the division the Rice note and mortgage fell—allowed the statute of limitations to bar an action upon them, such fact, unfortunate though it be, cannot give rise to a claim for damages against the defendants, or either of them. And if this be true, the question of the bar of the statute becomes immaterial, but the court found this also in the defendants' favor.

[2] The same conflict in the evidence prevents a review by this court of the finding in favor of the defendants on the second count. It was testified to squarely by Moody that the loan was made to him upon his personal note upon the understanding that no security was to be given. This testimony found some support in the physical circumstances of the transaction, and such conflict as there was in the evidence having been resolved in favor of the defendants this court will not disturb the finding of the trial court.

Moreover, this count of the complaint was founded upon alleged negligence and fraud on the part of the defendants. The negligence, if any, occurred in 1911, and the action was commenced in 1917. The fraud is charged to consist in the representation that the defendant Moody would execute a mortgage to secure his note. Assuming, contrary to the court's finding, that such representation was made, it was made some six years before the commencement of the action. It is sought to avoid the three-year limitation against the action, however, by charging a further false representation on the part of the defendants, namely, that such mortgage had in fact been executed as promised and was "in the bank," by which plaintiff was lulled into a sense of security. In view of the finding of the court that none of these representations were made, it seems useless to discuss the suffi-

ciency of an averment and proof of such representation as last made to postpone the setting in motion of the statute of limitations against the fraud by which the loan is charged to have been obtained. Assuming such representation to have been made the plaintiff had the same means of discovering its falsity at the time it was made as she ultimately employed to that end, and there is no proof of any affirmative action on the part of the defendants to prevent her employing such means at any time. It would seem that the making of such a representation, though false, would not postpone the operation of the statute. (*Simpson* v. *Dalziel,* 135 Cal. 599, [67 Pac. 1080].)

We find no ground for the reversal of the judgment in other points urged by the appellant.

Judgment affirmed.

Waste, P. J., and Gosbey, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, we desire to say that we regard the last two sentences of the opinion of the district court of appeal as not in any way essential to a disposition of the appeal, and that our denial of the application is not to be taken as an expression or intimation of opinion as to the correctness thereof.

The application for a hearing in this court is denied.

All the Justices, except Wilbur, J., concurred.